Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Grace Bennett (Cal. Bar No. 345948)
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR GILILLAND, individually and on behalf of all others similarly situated, | Case No. 2:25-cv-09841 |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| SAMSUNG ELECTRONICS AMERICA, INC., | |
| *Defendant*. | |

# Table of Contents

I.    Introduction............................................................................................... 1

II.   Parties. ....................................................................................................... 4

III.  Jurisdiction and Venue. ........................................................................... 4

IV.   Facts. .......................................................................................................... 5

    A.   Defendant's fake sales and discounts............................................. 5

    B.   Defendant's purported regular prices were not the prevailing prices
        during the three months immediately preceding Defendant's
        advertisement of the purported discounts. ................................... 15

    C.   Defendant's advertisements are unfair, deceptive, and unlawful. ............... 19

    D.   Defendant's advertisements harm consumers. .............................. 20

    D.   Plaintiff was misled by Defendant's misrepresentations. .............. 21

    E.   Defendant breached its contract with and warranties to Mr. Gililland
        and the putative class. ................................................................... 24

    F.   No adequate remedy at law. ......................................................... 25

V.    Class Action Allegations. ....................................................................... 26

VI.   Claims. ..................................................................................................... 27

    First Cause of Action: Violation of California's False Advertising Law Bus.
       & Prof. Code §§ 17500 & 17501 et. seq. ...................................... 27

    Second Cause of Action: Violation of California's Consumer Legal
       Remedies Act (By Plaintiff and the California Class) .................. 29

    Third Cause of Action: Violation of California's Unfair Competition Law........... 31

    Fourth Cause of Action: Breach of Contract .................................... 34

    Fifth Cause of Action: Breach of Express Warranty........................ 35

    Sixth Cause of Action: Quasi-Contract/Unjust Enrichment ............ 36

    Seventh Cause of Action: Negligent Misrepresentation .................. 36

    Eighth Cause of Action: Intentional Misrepresentation .................. 37

VII.  Relief. ....................................................................................................... 38

## I.    Introduction.

1.    When a product is advertised as being on sale, this drives purchases. And there is nothing wrong with a legitimate sale. But some companies take advantage of consumers with fake sales: deceptive sales that aren't really discounts off the true regular price. To protect consumers, the law prohibits such deceptive sales.

2.    Defendant Samsung Electronics America, Inc. ("Samsung" or "Defendant") makes, markets, and sells home appliances, including refrigerators, ovens, ranges, dishwashers, microwaves, cooktops and hoods, washers, and dryers (the "Samsung Appliance Products," "Appliance Products," or "Products").  The Products are sold online through Defendant's website, www.samsung.com.

3.    On its website, Defendant advertises substantial discounts off of its Appliance Products; for example, by including the sale price (e.g., $1,699.00) nearby the purported regular price shown in strikethrough front (e.g., ~~$2,399.00~~), next to a representation, often in in colorful font, that consumers will "Save $X" by purchasing the product (e.g. Save $700.00). Examples are shown below:



*Captured November 2, 2022*

Class Action Complaint                    1                    Case No. 2:25-cv-09841



*Captured January 2, 2023*



*Captured May 3, 2024*



*Captured August 1, 2025*

4.      But Defendant does not sell its Products for the listed regular strikethrough prices. The list prices Defendant advertises are not actually Defendant's regular prices, because Defendant's Products are almost always available for much less than that.

5.      As described in greater detail below, Mr. Gililland bought a Smart Slide-in Induction Range and a Bespoke 4-Door French Door Refrigerator from Defendant from its website, www.samsung.com. Defendant represented that the Products Mr. Gililland purchased had regular prices and were being sold to him at a specific discount from those purported regular prices. And based on Defendant's representations, Mr. Gililland believed that he was purchasing Products whose regular prices and market values were the purported list prices that Defendant advertised and that he was receiving a substantial discount. These reasonable beliefs are what caused Mr. Gililland to buy from Defendant when he did.

6.      The representations Mr. Gililland relied on, however, were not true. The purported regular prices were not the true regular prices that Defendant sells the Products for and the purported discount was not the true discount. Had Defendant been truthful, Mr. Gililland and other consumers like him would not have purchased Defendant's Products, or would have paid less for them.

7.      Plaintiff brings this case for himself and the other California customers who purchased Samsung Appliance Products from Defendant, advertised at a purported discount.

## II.   Parties.

8.      Plaintiff Trevor Gililland is domiciled in Los Angeles, CA.

9.      The proposed class includes citizens of California.

10.     Defendant Samsung Electronics America, Inc. is a New York corporation with a principal place of business in Englewood Cliffs, New Jersey.

## III.  Jurisdiction and Venue.

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

12.     The Court has personal jurisdiction over Defendant because Defendant sold Samsung Appliance Products to consumers in California, including to Plaintiff.

13.     Venue is proper under 28 U.S.C. § 1391(b)(1), 28 U.S.C. § 1391(c)(2), and 28 U.S.C. § 1391(d) because Defendant is subject to personal jurisdiction in this District with respect to this action, and would be subject to personal jurisdiction in this District if this District were a separate state, given that Defendant sold Samsung Appliance Products to consumers in California and this District, including to Plaintiff.  Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's conduct giving rise to the claims occurred in this District, including Defendant's sale to Plaintiff.

## IV.    Facts.

### A.    Defendant's fake sales and discounts.

14.    Defendant Samsung makes, markets, and sells home appliances, including refrigerators, ovens, ranges, microwaves, dishwashers, cooktops and hoods, washers, and dryers. Samsung sells its Products directly to consumers online, through its website, www.samsung.com.

15.    On its website, Defendant creates the false impression that its Products' regular prices are higher than they truly are.

16.    At any given time, Defendant's website advertises substantial discounts on its Appliance Products, including on product category pages (for example, "Refrigerators" or "Ranges"), on individual product pages, and during checkout. At each stage, Defendant advertises the Appliance Products with purported discount prices alongside the purported regular prices for the Product. The purported regular prices are shown in strikethrough font, or else are shown as what "was" the price, prior to the sale. It also regularly includes representations in colorful font that consumers will "Save $X" by purchasing a Product. Example screenshots are provided on the following pages:



*Captured May 2, 2022*

Class Action Complaint                    5                    Case No. 2:25-cv-09841

1

2

3

4

5

6

7

8

9

10

11

12

13

14



*Captured July 24, 2023*

15

16

17

18

19

20

21

22

23

24

25

26

27



*Captured September 2, 2024*

28

Class Action Complaint          6          Case No. 2:25-cv-09841



*Captured July 23, 2025*



*Captured November 5, 2024*



*Captured August 28, 2025*



*Captured August 28, 2025*



*Captured August 28, 2025*

17.     Defendant regularly represents that its purported sales are time-limited promotions tied to specific holidays or events (for example, "Memorial Day Deals," or "Holiday Deals"). For example, in late May and early June 2023, Defendant was advertising a "Memorial Day Deal[]" where consumers could save "up to $1,200" on fridges. On May 30, 2023, Defendant's website showed the following:



*Captured May 30, 2023*

18.     To reasonable consumers, this means that shortly after Memorial Day, Defendant's Products will no longer be on sale and will retail at their purported regular prices. But, instead, immediately after purportedly time-limited sales end, Defendant generates another similar discount.

19.     For example, on May 30, 2023—the date of the advertised sale shown above—every refrigerator shown on the first page of Defendant's "Refrigerators" page was listed with a purported regular price in strikethrough font and a much lower purported sale price, supposedly on account of the Memorial Day Sale. But each refrigerator was shown with the exact same purportedly discounted price as also offered on June 9, 2023, when the Memorial Day sale had ended (and was no longer advertised). The following screenshot shows the prices of the first three refrigerators listed on the "Refrigerators" page on May 30, 2023, during the Memorial Day Sale:



20.     And the next screenshot shows that the same products have the exact same prices on June 9, 2023 (as does every other refrigerator on the first page of Defendant's "Refrigerators" page), after the Memorial Day sale had ended:



21.     To confirm that Defendant consistently offers supposed discounts off of its purported regular prices, Plaintiff's counsel performed an extensive investigation of Defendant's pricing practices over the last several months and years.

22.     First, using the Internet Archive's Wayback Machine (available at www.archive.org[1] and screen capture software, Plaintiff's counsel collected screenshots from Defendant's Samsung.com website showing the supposed list price and supposed discount price for Defendant's products for the period 2023-present. In particular,

---

[1] The Internet Archive, available at archive.org, is a library that archives web pages.  https://archive.org/about/.

Plaintiff's counsel collected one randomly selected screenshot per month, where available,[2] for each month from January 2023 to August 2025, for two product categories (Refrigerators and Cooktops & Hoods). That investigation demonstrated that during that timeframe Defendant persistently offered for sale and sold its Products at the supposed discount price the vast majority of the time, and rarely sold its Products at the supposed list price. Indeed, on each of the 31 screenshots collected of the Refrigerators page and the 30 screenshots collected of the Cooktops & Hoods page, either all or the vast majority (at least about 90% for Refrigerators, and at least about 80% for Cooktops & Hoods) of Defendant's listed products were advertised at a steep discount from the supposed list prices. This shows that Defendant almost always offers discounts on the vast majority of its products, meaning that the supposed list prices are not the regular prices at which Defendant sells its Products and instead are inflated prices at which Defendant rarely or ever sells its Products.

23.    Second, to further confirm that Defendant's Appliance Products are typically sold at the supposed discount prices and rarely if ever sold at the supposed list prices, Plaintiff's Counsel conducted a second investigation using the Google Shopping tool. Google Shopping provides "typical[]" prices for many products that are offered for sale on the internet. These prices are "based on stores across the web over the past 3 months" and thus allow consumers to understand the prices at which a product has actually been sold in the prior three-month period. [3] Here, on August 29, 2025, Plaintiff's Counsel searched for "Samsung Appliances" on Google Shopping, and reviewed the "typical[]" prices of the first twenty-five listed Products sold by Samsung for which Google provided a typical price. Counsel then compared that typical price—the price at which the product was typically sold across the web for the prior three months—to

---

[2] Screenshots were available for both product categories for most months. For the Refrigerator page, no functioning screenshot was available on Wayback for March 2025. For the Cooktops & Hoods page, no functioning screenshot was available on Wayback for November or December 2025.

[3] https://support.google.com/faqs/answer/10675605?hl=en.

Defendant's purported regular price. The results of this investigation showed that the supposed list prices advertised by Defendant on that day were not the typical prices for its Products over the preceding three months. Instead, they were grossly inflated prices at which the Products rarely, if ever, sold during the preceding three months.

24.    For example, the first Product listed on Google Shopping was the Samsung 6.3 Cu. Ft. Smart Freestanding Electric Range. It was listed as on sale on Defendant's website for a discounted price of $679, with a purported regular price of $999. But Google Shopping revealed that in the past three months, it has typically sold for between $678-$680, essentially the same as Samsung's purportedly discounted price:



25.    Every one of the twenty-five Products reviewed on Google Shopping, which included a variety of different Appliance Products, was available from Samsung at

a purported discount. And for every one of the Products, Google Shopping showed a typical price below—generally substantially below—Defendant's listed regular prices.

26.     In short: historical evidence about Defendant's pricing practices demonstrates that the supposed list prices that Defendant advertises are not Defendant's typical or regular prices. And evidence about other sellers' prices demonstrate that those prices are not the typical or prevailing market prices of other sellers' either.

27.     Based on Defendant's advertisements on the Samsung website, reasonable consumers reasonably believe that the list prices Defendant advertises are Defendant's regular prices and former prices (that is, the prices at which the goods were actually offered for sale on Defendant's website before the offer went into effect). In other words, reasonable consumers reasonably believe that the list prices Defendant advertises represent the amount that consumers had to pay on Defendant's website for Defendant's goods, before the sale began, and will again have to pay for Defendant's goods when the sale ends. Said differently, reasonable consumers reasonably believe that, prior to the sale, and after the sale ends, consumers buying from Defendant on its website had to (or will have to) pay the list price to get the item without an opportunity to get a discount from that list price.

28.     Reasonable consumers also reasonably believe that the list prices Defendant advertises represent the true market value of the Products, and are the prevailing prices for those Products; and that they are receiving reductions from those listed regular prices in the amounts advertised. In truth, however, Defendant almost always offers discounts off the purported regular prices it advertises. As a result, everything about Defendant's price and purported discount advertising is false. The list prices Defendant advertises are not actually Defendant's regular or former prices, or the prevailing prices for the Products Defendant sells. And, the list prices do not represent the true market value for the Products, because Defendant's Products are almost always available for less than that on Defendant's website, and customers did not have to formerly pay that amount to get those items. The purported discounts Defendant

advertises are not the true discounts the customers are receiving, and are often not a discount at all.

**B.    Defendant's purported regular prices were not the prevailing prices during the three months immediately preceding Defendant's advertisement of the purported discounts.**

29.    As explained above, Defendant sells its Appliance Products through its website, https://www.samsung.com. Some Samsung Appliance Products are also available through third-party websites and retailers, including Amazon, Home Depot, and Best Buy.

30.    Samsung Appliance Products are available from third-party websites and retailers for prices below Defendant's listed regular prices. For example, on September 2, 2025, Defendant advertised its "Bespoke 4-Door Flex™ Refrigerator (29 cu. ft.) with AI Family Hub™+ and AI Vision Inside™ in Stainless Steel" at a sale price of $3,299.00, with a listed regular price of $4,999.00:



31.    On the same day, the Product was available from Best Buy for $3,299, and from Home Depot for $3,298:

Best Buy:



Home Depot:



32.     And, on the same day, the Product was also available on Amazon for $3,007—far less than even Defendant's purported discounted price:



33.     Plus, Amazon provided a "[t]ypical price" of $3,298.00 for the Product, and explained that the typical price is "determined using the 90-day median price paid by customers for the product in the Amazon store." So, in other words, most consumers who purchased the product on Amazon in this 90-day window paid $3,298.00 or less for this product—meaning that most consumers paid less *than Samsung's purported discounted price.*



34.     Indeed, a third-party Amazon price tracker revealed that, as of September 2, 2025, the Product had *never* sold on Amazon for more than $3,499, or $1,500 less than Defendant's purported regular price.

35.     This pattern is not limited to this one Samsung Appliance Product. As shown in the chart below, Defendant's Products are routinely sold by third-parties like Amazon, Home Depot, and Best Buy at or around the purported discount prices shown on Defendant's website, rather than its advertised regular prices:

| Product | Defendant's Purported Regular Price | Defendant's Purported Discount Price | Third Party Price |
|---|---|---|---|
| 1.7 cu. ft. Over-the-Range Microwave in Stainless Steel | $319 (September 2, 2025) | $249 (September 2, 2025) | $248 (Home Depot, September 2, 2025) |
| 6.3 cu. ft. Smart Freestanding Electric Range with Rapid Boil™ & Self Clean in Stainless Steel | $999 (September 2, 2025) | $679 (September 2, 2025) | $679.99 (Best Buy, September 2, 2025) |
| Bespoke 6.0 cu. ft. Smart Slide-In Gas Range with Smart Oven Camera & Illuminated Precision Knobs in Stainless Steel | $2,599 (September 2, 2025) | $1,499 (September 2, 2025) | $1,498 (Amazon, September 2, 2025) |

36.     And Google Shopping data—which shows a "typical" price for a given product across the internet over the past three months—reveals that each of the four products discussed above had, as of September 2, 2025, typical prices far below Defendant's purported regular prices. So, this data (along with the Google Shopping Investigation discussed above) shows that Defendant's Products typically sell for far less than the purported regular prices.

37.     In short, as the above shows, Defendant's Appliance Products are regularly available from third-party websites and sellers for less than the purported regular prices that Defendant's website advertises. This is not surprising, as prices charged on third-party websites and by third-party retailers converge on Defendant's price, especially since the Products are sold in an e-commerce market and Defendant, the manufacturer, sells the Products directly to consumers through its publicly available website.

### C.     Defendant's advertisements are unfair, deceptive, and unlawful.

38.     Section 17500 of California's False Advertising Law prohibits businesses from making statements they know or should know to be untrue or misleading. Cal. Bus. & Prof. Code § 17500. This includes statements falsely suggesting that a product is on sale, when it actually is not.

39.     Moreover, section 17501 of California's False Advertising Law specifically provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising.  Cal. Bus. & Prof. Code § 17501.

40.     In addition, California's Consumer Legal Remedies Act prohibits "advertising goods or services with the intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."  Cal. Civ. Code § 1770(a)(9), (13).

41.     In addition, the Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that

price. 16 C.F.R. § 233.1. They also prohibit false or misleading "retail price comparisons." 16 C.F.R. § 233.1.

42. And finally, California's unfair competition law bans unlawful, unfair, and deceptive business practices. See Cal. Bus. & Prof. Code § 17200.

43. Here, as described in detail above, Defendant makes untrue and misleading statements about its prices. Defendant advertises regular prices that are not its true regular prices, or its former prices, and were not the prevailing market price in the three months immediately preceding the advertisement. In addition, Defendant advertised goods or services with the intent not to sell them as advertised, for example, by advertising goods having certain former prices and/or market values without the intent to sell goods having those former prices and/or market values. Defendant made false or misleading statements of fact concerning the reasons for, existence of, and amounts of price reductions, including the existence of steep discounts, and the amounts of price reductions resulting from those discounts. And Defendant engaged in unlawful, unfair, and deceptive business practices.

**D.    Defendant's advertisements harm consumers.**

44. Based on Defendant's advertisements, reasonable consumers expect that the list prices Defendant advertises are the regular prices at which Defendant usually sells its Products and that these are former prices that Defendant sold its Products at before the discount was introduced (and will sell at again once the promotion ends).

45. Reasonable consumers also expect that, if they purchase during the sale, they will receive an item whose regular price and/or market value is the advertised list price and they will receive the advertised discount from the regular purchase price.

46. In addition, consumers are more likely to buy the product if they believe that the product is on sale and that they are getting a product with a higher regular price and/or market value at a substantial discount.

47. Reasonable consumers also expect a sale to be time-limited (otherwise, it is not a sale, it is just the regular price).

48.    Consumers that are presented with discounts are substantially more likely to make the purchase. "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[4]  And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[5]

49.    Thus, Defendant's advertisements harm consumers by inducing them to make purchases based on false information. In addition, by this same mechanism, Defendant's advertisements artificially increase consumer demand for Defendant's Products.  This puts upward pressure on the prices that Defendant can charge for its Products. As a result, Defendant can charge a price premium for its Products, that it would not be able to charge absent the misrepresentations described above. So, due to Defendant's misrepresentations, Plaintiff and the Class paid more for the Products they bought than they otherwise would have.

**D.    Plaintiff was misled by Defendant's misrepresentations.**

50.    On or around October 24, 2024, Mr. Gilliland purchased a 6.3 cu. ft. Smart Slide-in Induction Range with Smart Dial & Air Fry in Stainless Steel and a Bespoke 4-Door French Door Refrigerator (23 cu. ft.) with Beverage Center™ in Stainless Steel from Defendant's website, www.Samsung.com. He made this purchase while living in Los Angeles, CA.

51.    Prior to making his purchase, Mr. Gilliland visited Defendant's website and saw that it was advertising a sale on its Appliance Products, including by showing

---

[4] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/.

[5] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).

purported regular prices in strikethrough font next to purported discount prices for the Products in the manner described above.

52.    In particular, Defendant's website was advertising that the Smart Slide-in Induction Range he purchased had a regular price of $3,449, and that the Bespoke 4-Door French Door Refrigerator also had a regular price of $3,449. Defendant also advertised that both Products were available at a discount from their purported regular prices.

53.    After reviewing Defendant's website and seeing the promised sale, Mr. Gililland decided to buy the Products, as he wanted to take advantage of the sale. He then remembered that he was eligible for an employer-provided program offering discounts on Defendant's products. To take advantage of both the publicly available sale and the discounts provided through his employer, Mr. Gililland visited Defendant's website again, this time using a link providing access to the employer-specific discounts. The link provided access to a version of Defendant's website identical in all material respects to the publicly-facing version, but offering even steeper purported discounts off of the (same) purported list prices identified above. In particular, this version of the website advertised a supposed regular price of $3,449 for the Smart Slide-in Induction Range (the same supposed regular price listed on the publicly available website), and a supposed a discounted price of $1,299. It also advertised a supposed regular price of $3,449 for the Bespoke 4-Door French Door Refrigerator (again, the same supposed regular price listed on the publicly available website), and a supposed a discounted price of $1,566.79. Mr. Gililland went through with the purchase, in reliance on these advertisements. The purported regular and discounted prices were memorialized in the email confirmation sent to Mr. Gililland by Defendant.

54.    Mr. Gililland read and relied on Defendant's representations on the website, specifically that the Products had the regular prices listed above and were being offered at a discount during the sale. For example, when making his purchase, Mr. Gililland read and relied on Defendant's representations that both the Products he

purchased had a regular price of $3,449. Based on Defendant's representations described and shown above, Mr. Gililland reasonably understood that Defendant regularly (and before the promotion Defendant was advertising) sold the Products he was purchasing at the published regular prices, that these regular prices were the market value of the Products that he was buying, and that he was receiving discounts as compared to the regular prices.

55.    Plaintiff would not have made the purchases, at the price he paid, if he had known that the Products did not really have the listed regular prices, and that he was not really receiving the promised discount.

56.    In reality, as explained above, Defendant's products, including the Products that Mr. Gililland purchased, were almost always available at a discounted price of off the purported regular prices. In other words, Defendant did not regularly sell the Products Mr. Gililland purchased at the purported regular price, and the Products were not discounted as promised.

57.    Mr. Gililland did not discover that the sales were permanent until August 2025, in connection with his counsel's investigation of this case. Plaintiff and other reasonable consumers are not fake sale detectives. Reasonable consumers are not monitoring the website every day for months or years. And even a consumer who occasionally checks the website would reasonably believe that there happened to be another legitimate sale. As illustrated above, discovering Defendant's deception required extensive mining of internet archives and tools.

58.    Plaintiff faces an imminent threat of future harm. Plaintiff would purchase Products from Defendant again in the future if he could feel sure that Defendant's regular prices were honest and that its sales were real. But without a court injunction ordering Defendant to only advertise honest regular prices and honest sales, Plaintiff is unable to rely on Defendant's sales or supposed regular prices in the future, and so cannot purchase Products he would otherwise like to purchase.

**E.      Defendant breached its contract with and warranties to Mr. Gililland and the putative class.**

59.      When Mr. Gililland, and other members of the putative class, purchased and paid for the Samsung Appliance Products that they bought, they accepted offers that Defendant made, and thus, a contract was formed each time that they made purchases. Each offer was to provide Products having a particular listed regular price and market value, and to provide those Products at the discounted price.

60.      Defendant's website lists the market value of the items that Defendant promised to provide. Defendant agreed to provide a discount equal to the difference between the regular prices, and the prices paid by Mr. Gililland and putative class members. For example, Defendant offered to provide Mr. Gililland (among other things) the Appliance Products he purchased at a discount to the regular prices shown. Defendant also warranted that the regular price and market value of the Products Mr. Gililland purchased were the advertised list prices (e.g., the strikethrough prices) and warranted that Mr. Gililland was receiving a specific discount on the Products.

61.      The regular price and market value of the items Mr. Gililland and putative Class Members would receive, and the amount of the discount they would be provided off the regular price of those items that was represented to Mr. Gililland and putative Class Members, were specific and material terms of the contract. They were also affirmations of fact about the Products and a promise relating to the goods.

62.      Mr. Gililland and other members of the putative Class performed their obligations under the contract by paying for the items they purchased.

63.      Defendant breached its contract by failing to provide Mr. Gililland and other members of the putative Class with Products that have a regular price and market value equal to the regular price displayed, and thus, by failing to provide the promised discounts. Defendant also breached warranties for the same reasons.

**F.      No adequate remedy at law.**

64.      Plaintiff seeks damages and, in the alternative, restitution. Plaintiff is permitted to seek equitable remedies in the alternative because he has no adequate remedy at law.

65.      A legal remedy is not adequate if it is not as certain as an equitable remedy. The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims. For example, Plaintiff's FAL claim under Section 17501 (an equitable claim) is predicated on a specific statutory provision, which prohibits advertising merchandise using a former price if that price was not the prevailing market price within the past three months. Cal. Bus. & Prof. Code § 17501. Plaintiff may be able to prove these more straightforward factual elements, and thus prevail under the FAL, while not being able to prove one or more elements of his legal claims.

66.      In addition, to obtain a full refund as damages, Plaintiff must show that the Products he bought have essentially no market value. In contrast, Plaintiff can seek restitution without making this showing. This is because Plaintiff purchased Products that he would not otherwise have purchased, but for Defendant's representations. Obtaining a full refund at law is less certain that obtaining a refund in equity.

67.      Furthermore, the remedies at law available to Plaintiff are not equally prompt or otherwise efficient. The need to schedule a jury trial may result in delay. And a jury trial will take longer, and be more expensive, than a bench trial.

68.      Finally, legal damages are inadequate to remedy the imminent threat of future harm that Plaintiff faces. Only an injunction can remedy this threat of future harm. Plaintiff would purchase or consider purchasing Products from Defendant again in the future if he could feel sure that Defendant's regular prices accurately reflected Defendant's former prices and the market value of the Products, and that its discounts were truthful. But without an injunction, Plaintiff has no realistic way to know which—if any—of Defendant's regular prices, discounts, and sales are not false or deceptive. Thus,

he is unable to rely on Defendant's advertising in the future, and so cannot purchase Products he would like to purchase

**V.     Class Action Allegations.**

69.    Plaintiff brings the asserted claims on behalf of the following proposed class:

- California Class: all persons who, while in the state of California and within the applicable statute of limitations period, purchased one or more Samsung Appliance Products at a discount from Defendant's website.

70.    The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

*Numerosity*

71.    The proposed class contains members so numerous that separate joinder of each member of the class is impractical. There are tens or hundreds of thousands of class members.

*Predominance of Common Questions*

72.    There are questions of law and fact common to the proposed class. Common questions of law and fact include, without limitation:

(1) whether Defendant made false or misleading statements of fact in its advertisements;

(2) whether Defendant violated California's consumer protection statutes;

(3) whether Defendant committed a breach of contract;

(4) whether Defendant committed a breach of an express or implied warranty;

(5) damages needed to reasonably compensate Plaintiff and the proposed class.

### *Typicality & Adequacy*

73.    Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased Samsung Appliance Products advertised at a discount on Defendant's website. There are no conflicts of interest between Plaintiff and the class.

### *Superiority*

74.    A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of tens or hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI.    Claims.

### First Cause of Action:

### Violation of California's False Advertising Law Bus. & Prof. Code §§ 17500 & 17501 et. seq.

### (By Plaintiff and the California Class)

75.    Plaintiff incorporates each and every factual allegation set forth above.

76.    Plaintiff brings this cause of action on behalf of himself and members of the California Class.

77.    Defendant has violated sections 17500 and 17501 of the Business and Professions Code.

78.    Defendant has violated, and continues to violate, section 17500 of the Business and Professions Code by disseminating untrue and misleading advertisements to Plaintiff and Class members.

79.    As alleged more fully above, Defendant advertises former prices along with discounts. Defendant does this, for example, by crossing out a higher price (*e.g.*, ~~$2,399.00~~) and displaying it alongside a lower, discounted price; by representing that a

product "was" a certain price prior to the sale (*e.g.*, "was $2,399.00"); and by representing that consumers can "save" a certain amount by purchasing a product (*e.g.*, "Save $700.00"). Reasonable consumers understand prices advertised in strikethrough font and those listed as what a Product's price "was" previously denote "former" prices, i.e., the prices that Defendant charged before the discount went into effect.

80.     The prices advertised by Defendant are not Defendant's regular prices. In fact, those prices are never or almost never Defendant's prices (i.e., the price you usually have to pay to get the Product in question) because there almost always a promotion ongoing entitling consumers to a discount. Moreover, for the same reasons, those prices were not the former prices of the Products. Accordingly, Defendant's statements about the former prices of its Products, and its statements about its discounts from those former prices, were untrue and misleading.

81.     In addition, Defendant has violated, and continues to violate, section 17501 of the Business and Professions Code by advertising former prices that were not the prevailing market price within three months next immediately preceding the advertising. As explained above, Defendant's advertised regular prices, which reasonable consumers would understand to denote former prices, were not the prevailing market prices for the Products within three months preceding publication of the advertisement. And Defendant's former price advertisements do not state clearly, exactly, and conspicuously when, if ever, the former prices prevailed. Defendant's advertisements do not indicate whether or when the purported former prices were offered at all.

82.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the Samsung Products. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

83.     In addition, Class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Samsung Appliance Products.

84.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the Class.

85.     Plaintiff and the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the truth, (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received Products with market values lower than the promised market values.

86.     For the claims under California's False Advertising Law, Plaintiff seeks all available equitable relief, including injunctive relief, disgorgement, and restitution in the form of a full refund and/or measured by the price premium charged to Plaintiff and the Class as a result of Defendant's unlawful conduct.

<u>**Second Cause of Action:**</u>

**Violation of California's Consumer Legal Remedies Act (By Plaintiff and the California Class)**

87.     Plaintiff incorporates each and every factual allegation set forth above.

88.     Plaintiff brings this cause of action on behalf of himself and members of the California Class.

89.     Plaintiff and the Class are "consumers," as the term is defined by California Civil Code § 1761(d).

90.     Plaintiff and the Class have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

91.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

92.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to Class members.  Defendant did

1    this by using fake regular prices, i.e., regular prices that are not the prevailing prices, and
2    by advertising fake discounts.

3         93.    Defendant violated, and continues to violate, section 1770 of the California
4    Civil Code.

5         94.    Defendant violated, and continues to violate, section 1770(a)(5) of the
6    California Civil Code by representing that Products offered for sale have characteristics
7    or benefits that they do not have. Defendant represents that the value of its Products is
8    greater than it actually is by advertising inflated regular prices and fake discounts for
9    Products.

10        95.    Defendant violated, and continues to violate, section 1770(a)(9) of the
11   California Civil Code.  Defendant violates this by advertising its Products as being
12   offered at a discount, when in fact Defendant does not intend to sell the Products at a
13   discount.

14        96.    And Defendant violated, and continues to violate section 1770(a)(13) by
15   making false or misleading statements of fact concerning the existence of, or amounts
16   of, price reductions on its website, including by (1) misrepresenting the regular price of
17   Products on its website and (2) advertising discounts and savings that are exaggerated or
18   nonexistent.

19        97.    Defendant's representations were likely to deceive, and did deceive,
20   Plaintiff and reasonable consumers. Defendant knew, or should have known through the
21   exercise of reasonable care, that these statements were inaccurate and misleading.

22        98.    Defendant's misrepresentations were intended to induce reliance, and
23   Plaintiff saw, read, and reasonably relied on them when purchasing Samsung Appliance
24   Products.  Defendant's misrepresentations were a substantial factor in Plaintiff's
25   purchase decision.

26        99.    In addition, Class-wide reliance can be inferred because Defendant's
27   misrepresentations were material, i.e., a reasonable consumer would consider them
28   important in deciding whether to buy Samsung Appliance Products.

100.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the Class.

101.    Plaintiff and the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received products with market values lower than the promised market values.

102.    Under California Civil Code § 1780(a)(2), Plaintiff, on behalf of himself and the Class, seeks injunctive relief. As addressed next, Plaintiff is not seeking any monetary relief, under the CLRA, until the notice period elapses.

103.    CLRA § 1782 NOTICE. On October 7, 2025, a CLRA demand letter was sent to Defendant's registered agent via certified mail (return receipt requested). And on October 14, 2025, an additional CLRA demand letter was sent to Defendant's principal place of business via certified mail (return receipt requested). The letters provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here. If Defendant does not fully correct the problem for Plaintiff and for each member of the California Class within 30 days of receipt, Plaintiff and the California Class will seek all monetary relief allowed under the CLRA.

104.    A CLRA venue declaration is attached.

### Third Cause of Action:

### Violation of California's Unfair Competition Law

### (By Plaintiff and the California Class)

105.    Plaintiff incorporates each and every factual allegation set forth above.

106.    Plaintiff brings this cause of action on behalf of himself and members of the California Class.

107.    Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

### The Unlawful Prong

108.    Defendant engaged in unlawful conduct by violating the FTC's regulations, the CLRA, and the FAL as alleged above and incorporated here.

### The Deceptive Prong

109.    As alleged in detail above, Defendant's representations that its Products were on sale, that the Products had specific regular prices, and that the customers were receiving specific discounts were false and misleading.

110.    Defendant's representations were misleading to Plaintiff and other reasonable consumers.

111.    Plaintiff relied upon Defendant's misleading representations and omissions, as detailed above.

### The Unfair Prong

112.    As alleged in detail above, Defendant committed "unfair" acts by falsely advertising that its Products were on sale, that the Products had a specific regular price, and that the customers were receiving discounts.

113.    Defendant violated established public policy by violating the CLRA and FAL, as alleged above and incorporated here. The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA and FAL).

114.    The harm to Plaintiff and the Class greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting the price of a consumer product. This injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumer advertising only injures healthy competition and harm consumers.

115.     Plaintiff and the Class could not have reasonably avoided this injury. As alleged above, Defendant's representations were deceptive to reasonable consumers like Plaintiff.

116.     Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

* * *

117.     For all prongs, Defendant's representations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing Samsung Appliance Products.  Defendant's representations were a substantial factor in Plaintiff's purchase decision.

118.     In addition, Class-wide reliance can be inferred because Defendant's representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Samsung Appliance Products.

119.     Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the Class members.

120.     Plaintiff and the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received products with market values lower than the promised market values.

121.     For the claims under California's Unfair Competition Law, Plaintiff seeks all available equitable relief, including injunctive relief, disgorgement, and restitution in the form of a full refund and/or measured by the price premium charged to Plaintiff and the Class as a result of Defendant's unlawful conduct.

**Fourth Cause of Action:**

**Breach of Contract**

**(By Plaintiff and the California Class)**

122.  Plaintiff incorporates each and every factual allegation set forth above.

123.  Plaintiff brings this cause of action on behalf of himself and the California Class.

124.  Plaintiff and Class members entered into contracts with Samsung when they placed orders to purchase Products on Defendant's website.

125.  The contracts provided that Plaintiff and Class members would pay Samsung for the Products ordered.

126.  The contracts further required that Samsung provides Plaintiff and Class members with Products that have a market value equal to the regular prices displayed on the website. They also required that Samsung provides Plaintiff and Class members with the promised discount. These were specific and material terms of the contract.

127.  The specific discounts were a specific and material term of each contract, and were displayed to Plaintiff and Class members at the time they placed their orders.

128.  Plaintiff and Class members paid Samsung for the Products they ordered, and satisfied all other conditions of their contracts.

129.  Samsung breached its contracts with Plaintiff and Class members by failing to provide Products that had a market value equal to the regular price displayed on its website, and by failing to provide the promised discount. Samsung did not provide the discount that Samsung had promised.

130.  As a direct and proximate result of Defendant's breaches, Plaintiff and Class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

131.  Plaintiff provided Defendant with notice of this breach of contract, by mailing a notice letter to Defendant's registered agent on October 7, 2025.

132.   For the breach of contract claims, Plaintiff seeks all damages available including expectation damages and/or damages measured by the price premium charged to Plaintiff and the Class as a result of Defendant's unlawful conduct.

**Fifth Cause of Action:**

**Breach of Express Warranty**

**(By Plaintiff and the California Class)**

133.   Plaintiff incorporates each and every factual allegation set forth above.

134.   Plaintiff brings this cause of action on behalf of himself and members of the California Class.

135.   Defendant, as the manufacturer, marketer, distributor, supplier, and/or seller of Samsung Products, issued material, written warranties by advertising that the Products had a prevailing market value equal to the regular price displayed on Defendant's website. This was an affirmation of fact about the Products (i.e., a representation about the market value) and a promise relating to the goods.

136.   This warranty was part of the basis of the bargain and Plaintiff and members of the Class relied on this warranty.

137.   In fact, Samsung Appliance Products' stated market values were not the prevailing market value. Thus, the warranty was breached.

138.   Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's registered agent on October 7, 2025.

139.   Plaintiff and the Class were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased Products if they had known that the warranty was false, (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty, and/or (c) they did not receive the Products as warranted that they were promised.

140.    For their breach of express warranty claims, Plaintiff seeks all damages available including expectation damages and/or damages measured by the price premium charged to Plaintiff and the Class as a result of Defendant's unlawful conduct.

**<u>Sixth Cause of Action</u>:**

**Quasi-Contract/Unjust Enrichment**

**(By Plaintiff and the California Class)**

141.    Plaintiff incorporates paragraphs 1-58 and 64-74 above.

142.    Plaintiff brings this cause of action in the alternative to his Breach of Contract and Breach of Warranty claims (Counts Four and Five) on behalf of himself and the California Class.

143.    As alleged in detail above, Defendant's false and misleading advertising caused Plaintiff and the Class to purchase Samsung Appliance Products and to pay a price premium for these Products.

144.    In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

145.    (In the alternative only), due to Defendant's misrepresentations, its contracts with Plaintiff and other Class members are void or voidable.

146.    Plaintiff and the Class seek restitution, and in the alternative, rescission.

147.    For the quasi-contract/unjust enrichment claims, Plaintiff seeks all available equitable relief, including injunctive relief, disgorgement, and restitution in the form of a full refund and/or measured by the price premium charged to Plaintiff and the Class as a result of Defendant's unlawful conduct.

**<u>Seventh Cause of Action</u>:**

**Negligent Misrepresentation**

**(By Plaintiff and the California Class)**

148.    Plaintiff incorporates each and every factual allegation set forth above.

149.    Plaintiff brings this cause of action on behalf of himself and members of the California Class.

150.    As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and Class members concerning the existence and/or nature of the discounts and savings advertised on its website.

151.    These representations were false.

152.    When Defendant made these misrepresentations, it knew or should have known that they were false. Defendant had no reasonable grounds for believing that these representations were true when made.

153.    Defendant intended that Plaintiff and Class members rely on these representations and Plaintiff and Class members read and reasonably relied on them.

154.    In addition, Class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Samsung Appliance Products.

155.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class members.

156.    Plaintiff and the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known that the representations were false, (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received Products with market values lower than the promised market values.

157.    For the negligent misrepresentation claims, Plaintiff seeks all damages available including expectation damages, punitive damages, and/or damages measured by the price premium charged to Plaintiff and the Class as a result of Defendant's unlawful conduct.

## Eighth Cause of Action:

### Intentional Misrepresentation

### (By Plaintiff and the California Class)

158.    Plaintiff incorporates each and every factual allegation set forth above.

159.   Plaintiff brings this cause of action on behalf of himself and members of the California Class.

160.   As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and Class members concerning the existence and/or nature of the discounts and savings advertised on its website.

161.   These representations were false.

162.   When Defendant made these misrepresentations, it knew that they were false at the time that they made them and/or acted recklessly in making the misrepresentations.

163.   Defendant intended that Plaintiff and Class members rely on these representations and Plaintiff and Class members read and reasonably relied on them.

164.   In addition, Class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Samsung Appliance Products.

165.   Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class members.

166.   Plaintiff and the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known that the representations were false, (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received Products with market values lower than the promised market values.

167.   For the intentional misrepresentation claims, Plaintiff seeks all damages available including expectation damages, punitive damages, and/or damages measured by the price premium charged to Plaintiff and the Class as a result of Defendant's unlawful conduct.

**VII.   Relief.**

168.   Plaintiff seeks the following relief for himself and the Class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

### **Demand For Jury Trial**

169.    Plaintiff demands the right to a jury trial on all claims so triable.

Dated: October 14, 2025                          Respectfully submitted,

By: */s/ Simon Franzini*
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Grace Bennett (Cal. Bar No. 345948)
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff*